United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50904
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDVIN AROLDO JUAREZ-CAMPOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-47-1-AML
--------------------

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Edvin Aroldo Juarez-Campos appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States following deportation. Juarez-Campos was sentenced to a term of imprisonment of 46 months to be followed by three years of supervised release.

Juarez-Campos argues for the first time on appeal that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court plainly erred in sentencing him under a mandatory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines system based upon facts that were not admitted by him or found by a jury. He contends that mitigating circumstances brought to the district court's attention at sentencing would have led to a lesser sentence if the district court had sentenced him under an advisory guideline scheme.

Juarez-Campos's claim that the district court plainly erred by enhancing his sentence based upon facts not determined by a jury and which he did not admit is unavailing because he failed to show that "the sentencing judge--sentencing under an advisory scheme rather then a mandatory one--would have reached a significantly different result." See United States v. Mares, 402 F.3d 511, 520-522 (5th Cir.), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Bringier, 405 F.3d 310, 317 (5th Cir. 2005). His argument that the district court's application of the guidelines as mandatory was error also fails because he did not show that the district court would have imposed a different sentence had the guidelines been advisory only. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733-34 (5th Cir. 2005).

Juarez-Campos concedes that the issue whether his sentence under 8 U.S.C. § 1326(b)(2) was rendered unconstitutional by Apprendi v. New Jersey, 530 U.S. 466 (2000), and subsequent Supreme Court precedent is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), and he raises it solely to preserve it for further review by the Supreme Court. Apprendi did

2

not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  We therefore must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotations and citation omitted).

AFFIRMED.